### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK TULL, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) ) |
|     Defendant. | ) |

Case No. CIV-22-328-SM

### MEMORANDUM OPINION AND ORDER

Mark Tull (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). *See* Docs. 12, 13.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings because "the [Administrative Law Judge (ALJ)] failed to identify the frequency" with which Plaintiff would have to change positions between sitting and standing. Doc. 15, at 3. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court concludes the ALJ adequately addressed the discretionary nature of

Plaintiff's need to alternate positions and affirms the Commissioner's decision.[1] *See* 42 U.S.C. § 405(g).

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

2

show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

After a hearing in this matter, "additional development and medical evidence submission was requested." AR 18. The ALJ later held a second hearing. *Id.*

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. *Id.* at 19-32; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since July 24, 2017, the alleged onset date;

(2) had the severe medically determinable impairments of degenerative disc disease lumbar spine, degenerative joint disease/left knee chondromalacia, and obesity;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform sedentary work with the following limitations: "cannot climb

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

        ladders, ropes and scaffolds; cannot balance, kneel, crouch or crawl; can occasionally climb stairs and ramps and occasionally stoop; and *is able to change position in the work area while performing job tasks*";

(5)    was unable to perform any past relevant work;

(6)    could perform jobs that exist in significant numbers in the national economy, such as document specialist, touch-up screener, and charge account clerk; and so,

(7)    had not been under a disability from July 24, 2017, through October 7, 2021.

*See* AR 21-32 (emphasis added).

### 2. Appeals Council's findings.

The Appeals Council denied Plaintiff's request for review, *see id.* at 5-9, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139

S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

The Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quotations omitted). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quotations omitted).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 367 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v.*

*Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

> **B. Plaintiff challenges the ALJ's limitation in the RFC that "he would be 'able to change position in the work area while performing job tasks.'"[3]**

Plaintiff contends that the ALJ imposed a "sit/stand option" in the RFC when he stated Plaintiff needed to be "'able to change position in the work area while performing job tasks.'" Doc. 15, at 3 (quoting AR 25). Plaintiff asserts that the ALJ's failure to include how often Plaintiff needed "to change positions between sitting, standing, and walking" amounts to "harmful error requiring remand." *Id.*[4]

> **1. The ALJ's formulation of the RFC.**

The ALJ conducted two hearings. At both, Plaintiff was represented by the same counsel, and a vocational expert testified at each. AR 39-68, 72-110. At the first hearing, the ALJ added the limitation that Plaintiff must be able to change positions in the work area while performing job tasks. *Id.* at 107. The vocational expert sought clarification and asked, "how long would they have to

---

[3] Doc. 15, at 3 (quoting AR 25).

[4] Although Plaintiff includes a change of position to include walking in his challenge, the ALJ did not include walking as a contemplated position. Doc. 15, at 3. When Plaintiff's counsel included a limitation to walk ten to fifteen minutes twice during an eight-hour shift, the vocational expert testified that would eliminate competitive employment. AR 108.

stand up?" *Id.* The ALJ replied, "it could vary. I mean they could stand and then they could sit but they're in their work area and they're working." *Id.* And she added, "Like we have people here that have cubicles and they can stand and do their work, they can sit and do their work . . . . They can change their positions." *Id.* The vocational expert identified the four jobs of addresser, final assembler, information clerk, and new account interviewer. *Id.* at 106-07.

At the second hearing, the ALJ's identical hypothetical to the vocational expert again added the same limitations, recognizing that Plaintiff needed to change positions in the work area while continuing to perform his job tasks. *Id.* at 64-65. The vocational expert identified the jobs of document specialist, touchup screener, and charge account clerk. *Id.* at 65-66.

The ALJ found the state agency physicians' opinions not persuasive in that they concluded Plaintiff could perform less than a full range of light work. *Id.* at 29. These opinions were based on limited medical evidence of record. *Id.* The ALJ rejected PTA Kristie Hodges and PT Devin Uasella's opinion because it lacked any opinion on the total time Plaintiff can sit, stand, or walk in an eight-hour workday. *Id.* The opinion also left portions blank, and conflicted with Plaintiff's reports of being "very happy" with his physical therapy progress, his "self-reported improved function by nearly 50%," and his playing sports. They also contradicted objective findings that included normal gait, 5/5

7

power in all extremities, and normal strength of his hips, lower extremities, and knees, and negative special knee tests. *Id.* The ALJ also found PTA Lisa Gunn's opinion Plaintiff could perform full medium capacity work with some abilities into the heavy range to be inconsistent with other objective evidence. *Id.* at 30. The opinion did not account for Plaintiff's standing, walking, and sitting abilities and did not refer to objective imaging evidence that supported less than medium capacity abilities. *Id.*

The ALJ also discounted Plaintiff's consistency, considering in part his activities of daily living (making meals that took 60-90 minutes to make; doing laundry and cleaning for an hour every other day; shopping; taking care of his son; driving; going to school; watching tv; playing cards; seeing a friend) and his "fairly active . . . current lifestyle." *Id.* at 28.

### 2. The ALJ's RFC assessment, coupled with her questions to the vocational experts, do not amount to harmful error.

Plaintiff argues that the ALJ erred by including a non-specific sit/stand option in the hypothetical posed to the vocational experts and in the RFC. Doc. 15, at 5. Plaintiff cites Social Security Ruling 96-9p, which provides that administrative factfinders must be "specific as to the frequency of the individual's need to alternate sitting and standing" when determining the RFC for a disability claimant who is limited to performing less than a full range of

8

sedentary work with a sit/stand requirement. *See* SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996); *see also* Doc. 15, at 6.

Plaintiff is correct that when including a sit/stand limitation in an RFC, adjudicators must be "specific" about how often an individual would need to alternate sitting and standing. *See, e.g.*, *Vail v. Barnhart*, 84 F. App'x 1, 4-5 (10th Cir. 2003) (quoting SSR 96-9p, 1996 WL 374185, at *7); *see also Jimison v. Colvin*, 513 F. App'x 789, 792 (10th Cir. 2013) (holding that while the ALJ did not specify that the sit/stand option was "at will," there could be "no question that this was the ALJ's finding because he did not correct the [vocational expert] when the [vocational expert] told [Plaintiff's] attorney that the vocational assessment was based on that assumption").

The Commissioner does not disagree that specificity by an ALJ is required in addressing such frequency. Indeed, she cites SSR 96-9p in her brief, noting that such specificity helps when the ALJ "consult[s] a vocational resource in order to determine whether the individual is able to make an adjustment to other work." Doc. 17, at 6 (quoting SSR 96-9p, 1996 WL 374185, at *7). Defendant argues that the ALJ was sufficiently specific in describing the frequency of Plaintiff's need to alternate between sitting and standing because in her identical hypotheticals to the vocational experts, the vocational experts understood that the work could be performed either sitting or standing.

*Id.* at 5. The first hearing made this abundantly clear. In response to the vocational expert's question about how long a claimant would have to stand up, the ALJ responded, "it could vary. I mean they could stand and then they could sit but they're in their work area and they're working." AR 107.

The ALJ consulted the vocational expert "to clarify the implications for the occupational base." SSR 83-12, 1983 WL 31253, at *4 (Jan. 1, 1983). While the ALJ could have been more precise in her RFC language to give more context, at bottom, the ALJ placed no restriction on Plaintiff's ability to switch positions. *See Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) (affirming denial of benefits when ALJ asked the vocational expert a hypothetical about an individual who needed to "periodically alternate sitting and standing"); *Jimison*, 513 F. App'x at 792 (finding a hypothetical which meant an individual could sit or stand "at will" to be sufficiently specific in that it allows a claimant "to control the frequency at which she alternates positions"). The vocational experts understood this, and no further specificity would have resulted in a more restrictive RFC. *See* Doc. 17, at 5.

The Court can readily discern the limitations of the ALJ's sit/stand limitation and there is no indication that the vocational experts did not understand the meaning of the sit/stand restriction included in the ALJ's hypotheticals. *See Smallwood v. Colvin*, No. CIV-15-770-CG, 2016 WL

5717738, at *7 (W.D. Okla. Sept. 30, 2016) (considering the ALJ's hypothetical example and finding that "the most reasonable construction of the hearing testimony is that the VE understood" the ALJ's hypothetical to mean "that the person could choose when to sit and when to stand throughout the full time spent at her workstation"). Thus, the Court finds the ALJ did not err in addressing the frequency at which Plaintiff needed to alternate sitting and standing, because here this is left to the claimant's choice. *Jimison*, 513 F. App'x at 792 ("The option to sit or stand at will permits the claimant to control the frequency at which she alternates positions. No greater specificity would be possible.").

### III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 29th day of September, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE